UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MERAM, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CITIZENS TITLE AND TRUST, INC., *et al.*,<br><br>　　　　　Defendants. | Civil No. 10cv1388 L(POR)<br><br>**ORDER GRANTING WITHOUT PREJUDICE MOTION TO DISMISS; and DENYING ALTERNATIVE MOTION TO TRANSFER VENUE [doc. #16]** |

　　　Defendant Citizens Title & Trust, Inc. ("Citizens Title") moves to dismiss this action or, in the alternative, to transfer venue. The motion has been fully briefed and is considered on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**A.　Background**

　　　In their complaint, plaintiffs allege that two non-parties to this action, Bradley Holcom and Jose Pinedo ("Holcom and Pinedo" or "nonparties"), were the "masterminds behind a Ponzi scheme that allowed them to bilk victims out of tens of millions of dollars." (Compl. at 2.) According to plaintiffs, these two scallywags would not have been successful but for the role defendant Citizens Title, an Arizona escrow company, played in the scheme.[1]

　　　Holcom and Pinedo allegedly told plaintiffs that they were able to provide a 10-14% per

---

[1] Plaintiffs voluntarily dismissed defendant Stewart Title & Trust of Phoenix, Inc. on August 19, 2010. [doc. #10]

year rate of return on investments. The individual plaintiffs made monetary investments that would permit Holcom and Pinedo to purchase real property in Arizona for which the investor would take an interest in the promissory note and deed of trust as security for the principal investment. Plaintiffs contend that Holcom and Pinedo purchased properties with plaintiffs' moneys but rather than providing the investors with security interests in the properties, plaintiffs received an investment contract entitled "Collateral Assignment of Beneficial Interest" ("CABI") which plaintiffs contend is a security within the meaning of 15 U.S.C. § 78c.

Plaintiffs brought an action against Holcom and Pinedo and others in the Superior Court for the State of California, County of San Diego in an effort to recoup their money. Default judgment was entered against Holcom and Pinedo, with a finding of fraud, in the amount of $6,495,402.00. According to plaintiffs, Holcom and Pinedo have absconded with all of plaintiffs' investment moneys.

In the present complaint, plaintiffs assert that defendant was involved in Holcom and Pinedo's Ponzi scheme by opening escrow accounts and acting as escrow holder: "With knowledge of the structure of the transaction, Defendant[] would receive Plaintiffs' investments and process the sham transaction to give the appearance that a legitimate transfer of real property had taken place." (Compl. at 30, ¶ 38(f).) Plaintiffs also allege that defendant "would then execute and deliver promissory notes and deeds of trust naming themselves as trustee, and nonparty entities as beneficiaries . . . [but] said note and deed of trust represented Plaintiffs' Principal Investments." (Compl. at 30, ¶ 38(h).)

The real property, which had been purchased with plaintiffs' principal investments but owned by the nonparties or their entities, subsequently would be sold to innocent third parties. Defendant would open escrow and provide typical escrow company services. (Compl. at ¶ 39.) At the close of escrow, defendant would remit the pay off for the loans to the nonparties "with the knowledge that said funds were actually derived from Plaintiffs." (Compl. at 30, ¶ 39(c).) Plaintiffs contend defendant knew Holcom and Pinedo intended to defraud plaintiffs and that it actively participated in the entirety of the fraudulent scheme.

Plaintiffs allege causes of action against Citizen Title for violation of Section 10(b) of the

Securities Exchange Act; Section 20(a) of the Securities Exchange Act; Aiding and Abetting Fraud; Fraud/Deceit; Negligent Misrepresentation; Conspiracy to Commit Fraud; Neligence; and Elder Abuse under California's Welfare and Inst. Code § 15657.5.

Defendant moves for dismissal of plaintiffs' securities fraud claims under Section 10(b) and 20(a), and the aiding and abetting fraud claim, and for the Court to decline to exercise supplement jurisdiction over plaintiffs' state law claims. Alternatively, defendant seeks to have this action transferred to the United States District Court for the District of Arizona under 28 U.S.C. § 1404(a).

### B.     Motion to Dismiss

#### 1.     General Legal Standard

A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 129 S. Ct 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint must contain "more than labels of conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555. A plaintiff must allege "enough facts" to "nudge[] [the] claim[s] across the line from conceivable to plausible. *Id.* at 570.

#### 2.     Legal Standard Under the PSLRA

The Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes a heightened pleading standard in all securities litigation and requires that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B). Plaintiffs must allege with particularity both "the facts constituting the alleged violation, and the facts evidencing scienter, *i.e.*, the defendant's intention 'to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007)

(quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194 (1976)); *see also* 15 U.S.C. § 78u-4(b)(2); *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1084 (9th Cir. 2002)(the heightened pleading requirements in private securities fraud litigation requires that the complaint plead both falsity and scienter with particularity).

Under the PSLRA, the complaint must specify each statement alleged to have been false or misleading, specify the reason or reasons why each such statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, state with particularity all facts on which that belief is formed. 15 U.S.C. § 78u-4(b)(1). To plead materiality, the investors must (1) specify each allegedly misleading statement or omission, (2) explain why the statement is misleading, and (3) if the allegation "regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B). If the challenged statement is not false or misleading, it does not become actionable merely because it is incomplete. *In re Vantive*, 283 F.3d at 1085; *Brody v. Transitional Hosp. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002).

Further, with respect to each alleged act or omission, the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2); *see also In re Vantive*, 283 F.3d at 1084. By requiring particularized, detailed allegations showing a strong inference of scienter, the PSLRA was intended to "eliminate abusive and opportunistic securities litigation." *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002). In the Ninth Circuit, the required state of mind is "deliberate or conscious recklessness." *In re Silicon Graphics*, 183 F.3d at 979.

If the complaint does not satisfy these pleading requirements, the court must dismiss the complaint. 15 U.S.C. § 78u-4(b)(3)(A).

### 2. Violation of Securities and Exchange Act Section 10(b)

To plead securities fraud under Section 10(b) of the 1934 Act or Rule 10b-5, plaintiffs must allege (1) a misstatement or omission; (2) of material fact; (3) made with scienter; (4) on which plaintiffs relied; (5) which proximately caused the plaintiffs' injury. *DSAM Global Value*

*Fund v. Altris Software, Inc.*, 288 F.3d 385, 388 (9th Cir. 2002).

As an initial matter, plaintiffs contend that the PSLRA does not apply to this case because it is not a class action. (Opp. at 5-6.) This argument is without merit. The PSLRA pleading standard applies to private securities litigation. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, Inc., 552 U.S. 148, 165 (2008) ("[T]he PSLRA ... imposed heightened pleading requirements ... upon 'any private action' arising from the Securities Exchange Act.").

In their complaint, plaintiffs allege that defendant Citizen Title[2] met with Holcom to discuss how best to structure the transactions at issue, and knowingly assisted Holcom and Pinedas in their scam by advising and directing the issuance of the investment contracts when defendant knew the funds used to purchase real property were obtained from plaintiffs' investments. (Compl. at 31, ¶ 42.) Defendant would then open escrow, act as the escrow holder, and execute and deliver promissory notes and deeds of trust naming themselves as trustee and nonparty entities as beneficiaries.

Plaintiffs also contend that defendant aided and abetted the scheme by acting as trustee and escrow holder for the subsequent resale of real property in paying off the loans derived from plaintiffs' investments but held in the names of nonparty entities. Defendant would then remit the pay off to the nonparty with the knowledge that the funds were derived from plaintiffs' investments. In doing so defendant did not give notice to plaintiffs that a transaction involving their investments had been consummated and any proceeds had been given to nonparties." Plaintiffs allege that defendant knew that nonparties were intending to defraud plaintiffs and actively participated in the fraudulent scheme. (Comp at 32, ¶ 47.)

In reviewing the Complaint, it is clear that plaintiffs' securities fraud cause of action under Rule 10(b) suffers from a complete "absence of sufficient facts alleged to support a cognizable legal theory." *Siaperas v. Mont. State Comp. Ins. Fund*, 480 F.3d 1001, 1003 (9th Cir. 2007). Plaintiffs have failed to set forth either a misstatement or omission of material fact by defendant upon which plaintiffs relied and that proximately caused plaintiffs' injury. Acting

---

[2] Plaintiffs do not identify any individual associated with Citizen Title who was involved in this discussion or any other aspect of the allegedly fraudulent transactions.

as an escrow agent standing alone does not provide a basis for asserting a cause of action for securities fraud.   As currently pleaded, plaintiffs have failed to allege facts to support wrongdoing on the part of defendant.

To determine whether a plaintiff has alleged facts that give rise to the requisite "strong inference" of scienter, a court must consider plausible nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).   There are no allegations in the complaint, taken as a whole, that raise a strong inference that defendant intentionally or with deliberate recklessness made false or misleading statements. *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Co.*, 320 F.3d 920, 932 (9th Cir. 2003).

Here plaintiffs have not even pleaded the bare elements of their causes of action much less facts to support it. *In re Cutera Securities Litigation,* 610 F.3d 1103 (9th Cir. 2010). Accordingly, plaintiffs' cause of action for securities fraud under Section 10(b) of the 1934 Act or Rule 10b-5 is dismissed without prejudice.

### 3.     Violation of Securities and Exchange Act Section 20(a)

To state a claim under Section 20(a), a plaintiff must allege (1) a primary violation of federal securities laws; and (2) that the defendant exercised actual power or control over the primary violator. *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). As discussed above, plaintiffs have failed to state a claim for a primary violation of the securities law.

In addition, plaintiffs have failed to plead that Citizens Title exercised the requisite control for a Section 20(a) claim.  There are no allegations that Citizens Title exercised control over Holcom and Pineda or any person or entity in an effort to induce them to engage in acts that violated the securities laws, or the times, dates, and places that such control allegedly occurred. Plaintiffs fail to make any allegation regarding Citizens Title's management responsibilities or direct or indirect control over the outside parties to cause them to engage in the alleged conduct. *See e.g., Paracor Fin. Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1163 (9th Cir.1996) (plaintiff must allege that the CEO exercised direct or indirect control over the transaction in question.); *In*

*re Middlesex Retirement System v. Quest Software Inc.*, 527 F. Supp.2d 1164, 1194 (C.D.Cal.2007) ("[F]or Plaintiff to establish Garn's control person liability, Plaintiff must provide factual support that Garn was in a position to control a primary violator.").

For these reasons, the Court must dismiss plaintiffs' Section 20(a) claim without prejudice.

### 4. Aiding and Abetting Fraud

Under the heightened pleading requirement for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b). A plaintiff must include the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). The allegations must give defendant specific notice of the alleged fraud sufficient to enable it to defend against the charge specifically and not simply to be able to protest that it has done nothing wrong. *Vess*, 317 F.3d at 1106.

In the present complaint, plaintiffs fails to set forth the required allegations of time, place, persons, statements made, and an explanation of why each statement is false or misleading. It does no more than baldly contend defendant knew that nonparties were engaging in fraud. Such generalized allegations are conclusory at best and fall far short of stating the circumstances constituting fraud or mistake with particularity. Because the allegations are insufficient to satisfy the particularity standard required for Rule 9(b), plaintiffs' cause of action for aiding and abetting fraud is dismissed without prejudice.

### 5. Supplemental Jurisdiction

Because plaintiffs' two federal causes of action are being dismissed, defendant seeks to have the Court decline supplemental jurisdiction over the remaining state law causes of action. A district court has supplemental jurisdiction over claims "that are so related to claims in the [civil] action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1376.  Under 28 U.S.C. § 1376(c)(3), "[t]he district court may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . the district court has dismissed all claims over which it has original

jurisdiction." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 n. 2 (9th Cir. 1997) (citing 28 U.S.C. § 1367(c)).

Plaintiffs invoke the Court's original jurisdiction on both federal question and diversity jurisdiction. (Compl. at 5, ¶22.)  If the Court's jurisdiction was premised solely on federal question and all claims giving rise to federal question jurisdiction were dismissed, the Court could decline to exercise supplemental jurisdiction over plaintiffs' state law claims.  But because diversity jurisdiction appears to exist in this case, the Court's original jurisdiction has been invoked and the Court must exercise its jurisdiction.  The Court therefore will deny defendant's motion to dismiss plaintiffs' state law claims.

### 6. Leave to Amend

Plaintiffs request that they be given leave to amend the complaint if defendants' motion to dismiss is granted. Federal Rule of Civil Procedure 15(a) dictates that leave to amend be "freely given" when justice so requires.  The Court will grant plaintiffs' request for leave to amend, so that plaintiffs may attempt to cure the deficiencies noted herein.  But plaintiffs' are advised that "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010).  Under Rule 11,

> the attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law.  One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation.

*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation and citations omitted).

### C. Motion to Transfer Venue

Defendant seeks alternatively to have this action transferred to the United States District Court for the District of Arizona contending that a transfer is appropriate because the Southern District of California has no relation to the operative facts, witnesses and sources of proof and the convenience of the parties and witnesses would be best served in Arizona.  Because the Court has dismissed plaintiffs' securities fraud causes of action and aiding and abetting fraud

1 claim with leave to amend, the Court will not decide defendant's alternative motion to transfer
2 venue at this time.

### D.     Conclusion

Based on the foregoing, defendant's motion to dismiss plaintiffs' securities litigation claims and aiding and abetting fraud claim is **GRANTED**.  Plaintiffs may file an amended complaint within ten days of the filing of this Order.  In the event of plaintiffs' failure to file a timely amended complaint, defendant shall answer or otherwise respond to plaintiffs' state law claims within the time provided by the Federal Rules of Civil Procedure .

**IT IS SO ORDERED.**

DATED: January 3, 2011

                                        M. James Lorenz
                                        United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL