1
2
3
4
5
6
7
8                                   UNITED STATES DISTRICT COURT
9                                 SOUTHERN DISTRICT OF CALIFORNIA
10
11  FRANK MERAM, *et al.*,                    )   Civil No. 10cv1388 L(POR)
                                              )
12              Plaintiffs,                   )   **ORDER GRANTING MOTION TO**
                                              )   **DISMISS [doc. #26] and DIRECTING**
13  v.                                        )   **ENTRY OF JUDGMENT**
                                              )
14  CITIZENS TITLE AND TRUST, INC., *et*      )
    *al.*,                                    )
15                                            )
                Defendants.                   )
16  ─────────────────────────────             )

17         Plaintiffs filed this action on July 2, 2010. On January 3, 2011, the Court granted
18  defendant Citizens Title and Trust, Inc.'s motion to dismiss plaintiffs' federal securities litigation
19  claims and aiding and abetting fraud claim. Plaintiffs were granted leave to file an amended
20  complaint within ten days of the filing of this Order. They did not do so. Because plaintiffs
21  failed to file a timely amended complaint, defendant were required to answer or otherwise
22  respond to plaintiffs' state law claims within the time provided by the Federal Rules of Civil
23  Procedure. Defendants timely filed the present motion to dismiss or in the alternative to transfer
24  venue the state law claims remaining in this action but plaintiffs have not opposed defendants'
25  motion. The Court notes that plaintiffs were required under Civil Local Rule 7.1(e)(2) to file
26  their opposition by March 14, 2011 but have not done so. Civil Local Rule 7.1(f)(3)(c) provides:
27         If an opposing party fails to file the papers in the manner required by Civil Loal
           Rule 7.1.e.2 that failure may constitute a consent to the granting of a motion or
28         other request for ruling by the court.

The Court nevertheless reviews defendant's motion to dismiss to determine if there is any basis for denying the motion.

### A. Background

In their complaint, plaintiffs allege that two non-parties to this action, Bradley Holcom and Jose Pinedo ("Holcom and Pinedo" or "nonparties"), were the "masterminds behind a Ponzi scheme that allowed them to bilk victims out of tens of millions of dollars." (Compl. at 2.) According to plaintiffs, these two scallywags would not have been successful but for the role defendant Citizens Title, an Arizona escrow company, played in the scheme.[1]

Holcom and Pinedo allegedly told plaintiffs that they were able to provide a 10-14% per year rate of return on investments. The individual plaintiffs made monetary investments that would permit Holcom and Pinedo to purchase real property in Arizona for which the investor would take an interest in the promissory note and deed of trust as security for the principal investment. Plaintiffs contend that Holcom and Pinedo purchased properties with plaintiffs' moneys but rather than providing the investors with security interests in the properties, plaintiffs received an investment contract entitled "Collateral Assignment of Beneficial Interest" ("CABI") which plaintiffs contend is a security within the meaning of 15 U.S.C. § 78c.

Plaintiffs brought an action against Holcom and Pinedo and others in the Superior Court for the State of California, County of San Diego in an effort to recoup their money. Default judgment was entered against Holcom and Pinedo, with a finding of fraud, in the amount of $6,495,402.00. According to plaintiffs, Holcom and Pinedo have absconded with all of plaintiffs' investment moneys.

In the present complaint, plaintiffs assert that defendant was involved in Holcom and Pinedo's Ponzi scheme by opening escrow accounts and acting as escrow holder: "With knowledge of the structure of the transaction, Defendant[] would receive Plaintiffs' investments and process the sham transaction to give the appearance that a legitimate transfer of real property

---

[1] Plaintiffs voluntarily dismissed defendant Stewart Title & Trust of Phoenix, Inc. on August 19, 2010. [doc. #10]

had taken place." (Compl. at 30, ¶ 38(f).) Plaintiffs also allege that defendant "would then execute and deliver promissory notes and deeds of trust naming themselves as trustee, and nonparty entities as beneficiaries . . . [but] said note and deed of trust represented Plaintiffs' Principal Investments." (Compl. at 30, ¶ 38(h).)

The real property, which had been purchased with plaintiffs' principal investments but owned by the nonparties or their entities, subsequently would be sold to innocent third parties. Defendant would open escrow and provide typical escrow company services. (Compl. at ¶ 39.) At the close of escrow, defendant would remit the pay off for the loans to the nonparties "with the knowledge that said funds were actually derived from Plaintiffs." (Compl. at 30, ¶ 39(c).) Plaintiffs contend defendant knew Holcom and Pinedo intended to defraud plaintiffs and that it actively participated in the entirety of the fraudulent scheme.

**B.     Motion to Dismiss Plaintiffs' State Law Claims**

After dismissal of plaintiffs' federal claims, the remaining causes of action against Citizen Title include Fraud/Deceit; Negligent Misrepresentation; Conspiracy to Commit Fraud; Neligence; Conversion and Elder Abuse under California's Welfare and Inst. Code § 15657.5.

A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 129 S. Ct 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint must contain "more than labels of conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555. A plaintiff must allege "enough facts" to "nudge[] [the] claim[s] across the line from conceivable to plausible. *Id.* at 570.

Under the heightened pleading requirement for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b). A plaintiff must include the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v.*

*Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). The allegations must give defendant specific notice of the alleged fraud sufficient to enable it to defend against the charge specifically and not simply to be able to protest that it has done nothing wrong. *Vess*, 317 F.3d at 1106.

### 1.   Fraud-based Claims

Defendant argues that Rule 9(b)'s heightened pleading standard applies to plaintiffs' state law causes of action for fraud/deceit, negligent misrepresentation; conspiracy to commit fraud and elder abuse. *See Lorenz v. Sauer,* 807 F.2d 1509, 1511-12 (9th Cir. 1987); *In re 3com Sec. Litig.*, 761 F. Supp. 1411, 1418 (N.D. Cal. 1990); *Trapp v. Chase Home Fin.* LLC, 2010 U.S. Dist. LEXIS 120232 at *15 (C.D. Cal. Nov. 12, 2010). The Court agrees. In the present complaint, plaintiffs fails to set forth the required allegations of time, place, persons, statements made, and an explanation of why each statement is false or misleading. It does no more than baldly contend defendant knew that nonparties were engaging in fraud. Such generalized allegations are conclusory at best and fall far short of stating the circumstances constituting fraud or mistake with particularity. Because the allegations are insufficient to satisfy the particularity standard required for Rule 9(b), plaintiffs' causes of action fraud/deceit, negligent misrepresentation; conspiracy to commit fraud and elder abuse are dismissed.

### 2.   Negligence

Plaintiffs allege a cause of action based on negligence. In order to allege negligence, plaintiff must allege the existence of a duty, breach, causation and damages. *Conroy v. Regents of Univ. of Cal.*, 45 Cal.4th 1244, 1250 (2009).

Here plaintiffs have not alleged that defendant, an escrow holder, failed to meet the requirements of the terms or the escrow. An escrow agent is under no duty to go beyond the instructions in the escrow. *Lee v. Title Insurance & Trust Company*, 264 Cal. App.2d 160, 161-162 (1968). Because plaintiffs have not alleged a breach of defendant's duty, the negligence claim must be dismissed.

/ / /

/ / /

### 3. Conversion

Under California law, a claim for conversion requires a plaintiff to allege (1) "ownership or right to possession of property;" (2) a defendant's wrongful act toward the property, causing interference with the plaintiff's possession; and (3) damage to the plaintiff. *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP,* 150 Cal. App.4th 384, 394 (2007). Plaintiffs allege that defendant served as escrow holder after plaintiffs had invested their capital with Holcom and Pinedo. This does not provide a factual basis to allege defendant exercised ownership over plaintiffs' property. The conversion claim must be dismiss.

## C. Conclusion

Plaintiffs have not responded to defendant's motion to dismiss. When given leave to file an amended complaint they did not do so. Nor have they sought leave to amend their complaint. Accordingly, the Court will dismiss this action with prejudice.

Based on the foregoing, **IT IS ORDERED:**

1. Defendants' motion to dismiss the remaining state law claims is **GRANTED** with prejudice;

2. Defendants' motion to transfer venue is **DENIED** as moot; and

3. The Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 31, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL